IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**LORYN LESSER,**
    Plaintiff

v.      CIVIL NO. JKB-17-046

**BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS,**
    Defendant

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff brings the instant case against her former employer, alleging interference under the Family Medical Leave Act ("FMLA") (Count I), retaliation under the FMLA (Count II), and discrimination under the Rehabilitation Act of 1973 (Count III). (Am. Compl., ECF No. 3.) Her Amended Complaint indicates that she expects to seek class certification on Counts I and III. (*Id.*) Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant has moved to dismiss the class action portions of the Amended Complaint (ECF No. 9), and has filed an answer to Plaintiff's other allegations (ECF No. 10). Plaintiff has opposed Defendant's motion (ECF No. 15), which is now ripe. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendant's motion will be denied.

## I. STANDARD FOR DISMISSAL FOR FAILURE TO STATE A CLAIM

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## II.  BACKGROUND[1]

Plaintiff was employed by Defendant as a student support liaison beginning on August 1, 2011. (Am. Compl. ¶ 2.) On August 4, 2013, Plaintiff suffered a head injury. (*Id.* ¶ 20.) She subsequently informed Defendant of her medical condition and her need to undergo surgery. (*Id.* ¶ 22). Despite Plaintiff's physician clearing her to return to work beginning on January 21, 2014, Defendant required Plaintiff to undergo a psychological fitness-for-duty evaluation by its own medical professional. (*Id.* ¶¶ 29, 34.) Subsequent to an examination that Plaintiff alleges was incompletely and/or improperly conducted (*id.* ¶¶ 37–42), Defendant refused to permit Plaintiff to return to her previous position (*id.* ¶¶ 43, 44) and ultimately terminated her employment in August of 2016 (*id.* ¶ 53).

---

[1] Because this memorandum evaluates a Rule 12 motion to dismiss, the Court here summarizes the allegations as presented by Plaintiff in the Complaint. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

*III. ANALYSIS*

Defendant moves to dismiss only the class action portions of the Amended Complaint. (Def.'s Mot., ECF No. 9.) However, analysis of a prospective class's compliance with Rule 23 is not appropriately considered on a motion to dismiss, but should instead be addressed in a motion brought pursuant to Rule 23(c)(1)(A). *See Popoola v. Md-Individual Practice Ass'n, Inc.*, 230 F.R.D. 424, 433 (D. Md. 2005) (citing 7B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1798 (3d ed. 2005)). Accordingly, Defendant's motion will be denied.

While Defendant's motion purports to address only the class action portions of the Amended Complaint (Def.'s Mot.), its memorandum in support also appears to challenge the sufficiency with which Plaintiff alleged <u>willful</u> violations of the FMLA. (*See* Def.'s Mem. in Supp. 6–7, ECF No. 9-1.) Willfulness affects the applicable limitations period. 29 U.S.C. § 2617(c) (2017). When a plaintiff must allege a defendant's mental state, she may do so generally. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. *Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally*." (emphasis added)). Courts in this circuit have applied a general pleading standard to allegations of willful interference and retaliation under the FMLA. *See, e.g.*, *Settle v. S.W. Rodgers, Co.*, 998 F. Supp. 657, 664 (E.D. Va. 1998), *aff'd*, 182 F.3d 909 (4th Cir. 1999). Additionally, under the Fair Labor Standards Act, a statute with a limitations provision analogous to that in the FMLA, *see id.* at 663, the question of whether an alleged violation is willful is not an element of a plaintiff's claim requiring supporting factual allegations in the complaint, but rather an anticipation of a limitations defense that a defendant might raise as the case advances. *Rose v. Harloe Mgmt. Corp.*, Civ. No. GLR-16-761, 2017 WL 193295, at *4 (D. Md. Jan. 17, 2017).

> The Amended Complaint alleges that
>
> > Defendant willfully violated the FMLA by ordering Plaintiff to take a fitness for duty examination that did not comply with FMLA regulations, refusing to pay Plaintiff after she was released to return to work on February 18, 2014, and terminating her employment following her attempt to exercise her rights under the FMLA.
> >
> > Defendant's violations of Plaintiff's FMLA rights were not done in good faith and Defendant did not have reasonable grounds for believing that their acts or omissions were not a violation of § 2615 of the FMLA.

(Am. Compl. ¶¶ 54–55.) The Amended Complaint does not allege fraud or mistake, and its allegation of the willfulness with which Defendant violated the FMLA meets the general pleading requirement for mental states under Rule 9(b). Accordingly, to the extent that Defendant's motion to dismiss challenges the sufficiency with which the Amended Complaint alleges facts showing willfulness, the motion will be denied.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (ECF No. 9) is DENIED.

Defendant SHALL FILE a consolidated answer to the Amended Complaint in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

DATED this 26th day of June, 2017.

BY THE COURT:

/s/
James K. Bredar
United States District Judge